UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

STORM JONES,

Defendant.

INDICTMENT

25 Cr.

25 CRIM 345

### COUNT ONE
#### (Conspiracy to Distribute Narcotics)

The Grand Jury charges:

1. From at least in or about 2018 through at least in or about 2020, in the Southern District of New York and elsewhere, STORM JONES, the defendant, and others known and unknown, knowingly and intentionally combined, conspired, confederated, and agreed together and with each other to violate the controlled-substance laws of the United States.

2. It was a part and an object of the conspiracy that STORM JONES, the defendant, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

3. The controlled substances involved in the offense were quantities of mixtures and substances containing detectible amounts of cocaine and cocaine base, in violation of Title 21, United States Code, Section 841(b)(1)(C).

(Title 21, United States Code, Section 846.)

### COUNT TWO
#### (Firearm Use, Carrying, and Possession)

The Grand Jury further charges:

4. On or about August 2, 2020, in the Southern District of New York and elsewhere, STORM JONES, the defendant, during and in relation to a drug trafficking crime for which he

may be prosecuted in a court of the United States, namely, the drug trafficking crime charged in Count One of this Indictment, knowingly used and carried a firearm, and in furtherance of such crime, possessed a firearm, and aided and abetted the use, carrying, and possession of a firearm, which was brandished and discharged, to wit, JONES possessed a firearm during and in relation to the narcotics conspiracy charged in Count One, which firearm was brandished and discharged in the vicinity of East 179th Street between Arthur Avenue and Hughes Avenue in the Bronx, New York, resulting in the death of Clarence Adams.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii), and (iii), and 2.)

## FORFEITURE ALLEGATIONS

5. As a result of committing the offense alleged in Count One of this Indictment, STORM JONES, the defendant, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offense and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

6. As a result of committing the offense alleged in Count Two of this Indictment, STORM JONES, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), any and all firearms and ammunition involved in or used in said offense.

7. If any of the above-described forfeitable property, as a result of any act or omission of STORM JONES, the defendant:

    a. cannot be located upon the exercise of due diligence;

  b.  has been transferred or sold to, or deposited with, a third person;

  c.  has been placed beyond the jurisdiction of the Court;

  d.  has been substantially diminished in value; or

  e.  has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

    (Title 18, United States Code, Section 924;
    Title 21, United States Code, Section 853; and
    Title 28, United States Code, Section 2461.)

_____
FOREPERSON

_____
JAY CLAYTON
United States Attorney

3